FILED
JAN 10 2019
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Syracuse

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Criminal No.  5:19-CR-11 (TJM) |
| v. | **Indictment** |
| **JOHN DAYE,** | Violation: 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) [Distribution and Possession with the Intent to Distribute a Controlled Substance] |
| **Defendant.** | 5 Counts & Forfeiture Allegation |
| | County of Offense:  Onondaga |

### THE GRAND JURY CHARGES:

**COUNTS ONE through FIVE**
[Distribution and Possession with the Intent to Distribute a Controlled Substance]

On or about each of the dates listed below, in Onondaga County in the Northern District of New York, the defendant, **JOHN DAYE**, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance.

| Count | Date | Controlled Substance(s) Involved in Offense |
|---|---|---|
| One | October 18, 2017 | Cocaine |
| Two | October 26, 2017 | Cocaine |
| Three | December 6, 2017 | Cocaine |
| Four | March 6, 2018 | Cocaine |
| Five | April 12, 2018 | Cocaine base |

Cocaine and cocaine base are schedule II controlled substances.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## ALLEGATIONS REGARDING PRIOR FELONY DRUG CONVICTION

1. Counts One through Five are re-alleged herein and incorporated by reference.

2. Defendant **JOHN DAYE** is subject to increased punishment, pursuant to Title 21, United States Code, Section 841(b)(1)(C), because of the following prior conviction for a felony drug offense, which has become final: on or about May 23, 2007, in Onondaga County Court, **DAYE** was convicted of Criminal Sale of a Controlled Substance in the Third Degree, in violation of New York State Penal Law Section 220.39(1), and on that date was sentenced to one year incarceration.

## FORFEITURE ALLEGATION

1. The allegations contained in Counts One through Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841, the defendant, **JOHN DAYE**, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

    a. A money judgment in the amount of $500.00 (Count One);

    b. A money judgment in the amount of $400.00 (Count Two);

    c. A money judgment in the amount of $550.00 (Count Three);

    d. A money judgment in the amount of $500.00 (Count Four); and

    e. A money judgment in the amount of $1100.00 (Count Five);

3. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

Dated: January 10, 2019

A TRUE BILL, *Name Redacted

Grand Jury Foreperson

GRANT C. JAQUITH
United States Attorney

By: _____
Nicolas Commandeur
Assistant United States Attorney
Bar Roll No. 518984